NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARJORY JOHNS; JOANNE MANCHA, | No. 21-35488 |
| Plaintiffs-Appellants, | D.C. No. 6:20-cv-00006-SEH |
| v. | |
| ILLINOIS FARMERS INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 11, 2022**
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Plaintiffs Marjory Johns and Joanne Mancha, residents of Minnesota, took

out an insurance policy through an agent of Illinois Farmers Insurance Company in

Minneapolis. The two were passengers when one of their insured vehicles crashed

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

outside of Bozeman, Montana. The plaintiffs sued Illinois Farmers in the District of Montana, seeking a declaration that their policy entitled them to coverage and must be interpreted according to Montana law. They also alleged that Illinois Farmers had violated Montana's Unfair Trade Practices Act, Mont. Code Ann. §§ 33-18-101 to -1006, entitling them to statutory and punitive damages.

Illinois Farmers moved to dismiss for lack of personal jurisdiction. The district court granted the motion, holding that Illinois Farmers was subject to neither general nor specific jurisdiction in Montana because the "only fact" connecting it to Montana was the crash. The district court had subject-matter jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a motion to dismiss for lack of personal jurisdiction de novo. *King v. American Fam. Mut. Ins. Co.*, 632 F.3d 570, 573 (9th Cir. 2011). A federal court sitting in diversity applies state law and the Due Process Clause of the Fourteenth Amendment to determine whether personal jurisdiction exists. *Metropolitan Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1065 (9th Cir. 1990). Applying Montana law, we first determine if Montana's long-arm statute, Montana Rule of Civil Procedure 4(b)(1), authorizes the exercise of jurisdiction. *Gateway Hosp. Grp. Inc. v. Philadelphia Indem. Ins. Co.*, 464 P.3d 44, 52 (Mont. 2020). If it does, we must then examine whether exercising personal jurisdiction would be

2

consistent with the Due Process Clause. *Id.* But if "personal jurisdiction does not exist under the first part of the Rule 4(b)(1) test, analysis of whether the exercise of jurisdiction comports with due process is unnecessary." *Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 21 (Mont. 2015).

1.     Illinois Farmers is not subject to general jurisdiction in Montana. The exercise of general jurisdiction is permissible only where a corporation is incorporated, where it maintains its principal place of business, or where it is "so heavily engaged in activity" as to render it "essentially at home." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 177, 139 (2014)). Illinois Farmers is incorporated and maintains its principal place of business in Illinois. And because it sells no insurance in Montana and generates no revenue in Montana, it is not so "heavily engaged in activity" in the State as to render it essentially at home there. *Id.*

2.     Rule 4(b)(1) does not permit the exercise of specific jurisdiction over Illinois Farmers. In *Carter v. Mississippi Farm Bureau Casualty Insurance Co.*, 109 P.3d 735 (Mont. 2005), a plaintiff took out an insurance policy through a regional provider in Mississippi and subsequently moved to Montana, where he was injured in an accident, *id.* at 736–37. When he brought a claim against his insurer in Montana, the Montana Supreme Court held that no provision of Rule 4(b)(1) authorized the exercise of jurisdiction. *Id.* at 742. Plaintiffs attempt to

3

distinguish *Carter* on the ground that Illinois Farmers maintains a field claims office and employs an adjuster in Montana. But the key facts are the same. In both cases, the plaintiffs bought insurance policies from insurers that did no business in Montana and sought to insure vehicles that were not located in Montana at the time of contracting. *Id.* at 738. Here, as in *Carter*, the underlying dispute between the plaintiffs and their insurers "relates to [their] coverage and has nothing to do with the fact that the accident at issue occurred in Montana." *Id.* at 739.

3.      Plaintiffs argue that the district court should have allowed them to amend the complaint to allege that Illinois Farmers maintains a field claims office and employs an adjuster in Montana. As we have explained, those facts would not alter the jurisdictional analysis, so the district court did not abuse its discretion in denying leave to amend.

**AFFIRMED.**